IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

NELSON RIVAS,

        Petitioner,

v.                                                CIVIL ACTION NO. 2:10-CV-98
                                                (BAILEY)

JAMES N. CROSS,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R [Doc. 25] on April 1, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on April 15, 2011 [Doc. 27]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Factual and Procedural History

On August 19, 2010, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. The petition contains the following factual allegations. On December 15, 2009, a search of the petitioner's cell uncovered a "small torn piece of an oatmeal bag that contained a small amount of a green leafy substance" at the foot of the petitioner's and his cellmate's bunk beds. ([Doc. 1] at 2). The petitioner received an incident report for possession of drugs in violation of Bureau of Prisons ("BOP") Code 113. (Id. at 2-3). Six weeks later, on January 27, 2010, the petitioner received a hearing before the Unit Discipline Committee ("UDC"), a hearing that the petitioner asserts was called without any prior notice. (Id. at 3). At the UDC hearing, the petitioner denied the charges and requested that the substance be tested at an outside laboratory. (Id.). Upon conclusion of the hearing, the UDC recommended that the charges be referred to a Discipline Hearing Officer ("DHO"). (Id.). Three weeks later, on February 18, 2010, the petitioner received a DHO hearing and was found guilty of the charge. (Id. at 1). As a result, the petitioner received the following sanctions: (1) 40 days loss of good

time, (2) one year loss of visitation privileges, (3) six months suspension from Unicor without pay, and (4) one year minus pay. (Id.). The petitioner's appeals were rejected. (Id. at 2).

Based upon these allegations, the petitioner raises the following claims for relief: (1) his due process rights were violated when his UDC hearing was conducted without notice and after the 72-hour time limitation; (2) his due process rights were violated when he was found guilty of possession of an illegal substance without any proof from a certified or independent and qualified lab of the illegal nature of that substance; and (3) his Eighth Amendment right to be free from cruel and unusual punishment was violated when "he was found guilty of a BOP offense without certified proof that the specific offense petitioner was charged with was what the staff member claimed it was." (Id. at 3-4). As relief, the petitioner seeks a hearing on the matter and an Order vacating the institutional finding of guilt, reinstating his loss of good time and visitation privileges, and vacating his sanctions with respect to Unicor. (Id. at 4).

On October 27, 2010, the respondent moved to dismiss, or in the alternative for summary judgment, on the petition [Doc. 11]. As grounds for dismissal, the respondent asserts the following: (1) the petitioner received all of the process due him in an inmate disciplinary action because there is no protected liberty interest in a UDC hearing where no sanctions are given and where the petitioner cannot show he was prejudiced by the delay, and (2) the evidence relied upon by the DHO was sufficient to sustain the finding of guilt. (Id. at 6-10).

On December 21, 2010, the petitioner responded in opposition to the respondent's

3

motion [Doc. 22]. First, the petitioner asserts that he has shown prejudice by the undue delay in his UDC hearing because potential witnesses were transferred to other correctional institutions during the delay. Second, for the first time, the petitioner argues that his rights to equal protection were violated because other inmates' incident reports had been dismissed if the UDC hearing had not been conducted within 72 hours. Third, the petitioner challenges the drug test kits relied upon by the DHO as defective. (Id. at 3-11).

On April 1, 2011, Magistrate Judge Joel filed the instant R&R [Doc. 25], recommending that this Court grant the respondent's motion and dismiss the petition. First, the magistrate judge determined that because the petitioner did not receive sanctions at his UDC hearing, he had no liberty interest in the hearing. (Id. at 9). The magistrate also found that the petitioner's UDC hearing was conducted in a timely manner after a full investigation and that there is no prior notice requirement for a UDC hearing. (Id. at 10-12). Next, the magistrate judge rejected the petitioner's due process and cruel and unusual punishment claims based upon the BOP's failure to allow him the opportunity to obtain additional testing on the green leafy substance by a certified or independent and qualified outside laboratory. (Id. at 12-14). Specifically, the magistrate judge found that "the positive results of the drug testing kit provided 'some evidence' to support the guilty finding . . . , and the clear weight of authority shows that petitioner was not entitled to additional testing." (Id. at 13). Finally, the magistrate judge rejected the petitioner's equal protection claim based upon the BOP's failure to dismiss his incident report when his UDC hearing was not conducted within 72 hours. (Id. at 14-15). In particular, the magistrate judge noted that the petitioner had failed to assert that other inmates who had their incident

reports dismissed were similarly situated or that his alleged unequal treatment was the result of intentional discrimination. (Id. at 14).

On April 15, 2011, the petitioner filed Objections [Doc. 27] to the instant R&R. Though the petitioner requests that this Court conduct an independent review of his entire petition, he specifically objects to the magistrate judge's failure to consider all his allegations in support of his equal protection claim. (Id. at 2-6). For example, the petitioner argues that his right to equal protection was violated by the UDC's failure to allow him the opportunity to call witnesses, and the BOP's failure to allow access to outside drug testing. (Id. at 2).

### III. Discussion

In his Objections, the petitioner takes issue with the analysis of the magistrate judge. This Court will address these objections as they relate to each of the petitioner's claims for relief discussed above.

#### A. UDC Hearing – 72-Hour Time Limit, Prior Notice

In his petition, the petitioner argues that his UDC hearing did not satisfy constitutional requirements of due process. In the R&R, the magistrate judge rejected the petitioner's argument, finding that the petitioner had no liberty interest in his UDC hearing and that the petitioner nevertheless received due process. The petitioner objects.

Pursuant to 28 C.F.R. § 541.15, "[t]he following minimum standards apply to initial hearings in all institutions: (a) Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the

time staff became aware of the inmate's involvement in the incident[;] (b) Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident . . . [;] (c) The inmate is entitled to be present at the initial hearing except during deliberations of the decision maker(s) or when institutional security would be jeopardized by the inmate's presence . . . [; and] (d) The inmate is entitled to make a statement and to present documentary evidence in the inmate's own behalf." 28 C.F.R. § 541.15(a)-(d). Moreover, "[w]hen an alleged violation of Bureau rules is serious and warrants consideration for other than minor sanctions, the UDC shall refer the charges to the Discipline Hearing Officer for further hearing." 28 C.F.R. § 541.15.

In the instant case, the petitioner challenges his UDC hearing on two grounds: (1) failure to conduct the hearing within 72 hours of staff becoming aware of the incident, and (2) conducting the hearing without prior notice. Like the magistrate judge, this Court also rejects both grounds.

With regard to the first ground, 28 C.F.R. § 541.15(b) provides only that a UDC hearing should "ordinarily" be held within 72 hours from the time the staff became aware of the inmate's involvement in the incident. As such, the petitioner had no liberty interest in receiving the hearing within 72 hours. *See Kentucky v. Dept. of Corr.*, 490 U.S. 454, 462-63 (1989) (regulations must contain "explicitly mandatory language" to create a liberty interest). Moreover, the petitioner does not dispute that his UDC hearing was delayed due to an investigation. Specifically, attached to his petition is a memorandum from the petitioner's unit manager to the respondent indicating that the UDC had returned the

petitioner's incident report for further investigation. Pursuant to 28 C.F.R. § 541.15, a UDC hearing should only be held "upon completion of the investigation." Thus, the petitioner's first ground fails to support his due process claim.

As for the second ground, 28 C.F.R. § 541.15 does not require that an inmate receive prior notice of a UDC hearing. Only a DHO hearing requires prior notice. *See* 28 C.F.R. § 541.17(a) ("The Warden shall give an inmate advance written notice of the charge(s) against the inmate no less than 24 hours before the inmate's appearance before the [DHO]. . .."). Thus, the petitioner's second ground fails to support his due process claim. Accordingly, the petitioner has failed to show that his UDC hearing violated his right to due process.

### B. DHO Hearing – "Some Evidence" Standard, Confirmation Drug Testing

In his petition, the petitioner argues that his DHO hearing violated his constitutional rights to due process and to be free from cruel and unusual punishment. In the R&R, the magistrate judge rejected the petitioner's argument, finding that the positive results of the drug testing kit constituted "some evidence" and that the petitioner was not entitled to confirmation testing. The petitioner objects.

A DHO decision comports with the requirements of procedural due process "if some evidence supports the decision . . .." *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *see also* 28 C.F.R. § 541.17(f) ("The decision of the DHO shall be based on at least some facts . . .."). The *Hill* standard "is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced . . .. Ascertaining whether this standard is satisfied does not require examination of the entire

7

record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455. (internal quotation and citation omitted).

In the instant case, the petitioner challenges the DHO hearing based upon the BOP's failure to allow him the opportunity to obtain additional testing on the green leafy substance by a certified or independent and qualified outside laboratory. Like the magistrate judge, this Court finds that the positive results of the drug testing kit satisfy the "some evidence" standard articulated in *Hill*. Moreover, this Court agrees with the magistrate judge that an inmate is not entitled to confirmation drug testing in connection with a DHO hearing. *See Spence v. Farrier*, 807 F.2d 753 (8th Cir. 1986); *Peranzo v. Coughlin*, 850 F.2d 125 (2d Cir. 1988). Thus, the BOP's failure to allow the petitioner to obtain confirmation testing cannot support either his due process or cruel and unusual punishment claims. Accordingly, the petitioner has failed to show that his DHO hearing violated his rights to due process or to be free from cruel and unusual punishment.

C.  **Equal Protection Claims**

In his petition, the petitioner argues that his right to equal protection was violated by the BOP's failure to dismiss his incident report when his UDC hearing was not conducted within 72 hours of the report. In the R&R, the magistrate judge rejected the petitioner's argument, finding that the petitioner had failed to assert that the other inmates who had their incident reports dismissed were similarly situated or that his alleged unequal treatment was the result of intentional discrimination. The petitioner objects and argues

that his right to equal protection was also violated by the UDC's failure to allow him the opportunity to call witnesses and the BOP's failure to allow access to outside drug testing.

To succeed on an equal protection claim, an individual must demonstrate that: (1) "he has been treated differently from others with whom he is similarly situated," and (2) "the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). If the individual makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of security." *Id.*

In the instant case, the petitioner challenges the following treatment by the BOP as unequal: (1) failure to dismiss his incident report when no UDC hearing had been held within 72 hours of the report, (2) failure to allow him the opportunity to call witnesses, and (3) failure to allow to him obtain confirmation testing. According to the petitioner, other inmates had received the opposite treatment. Like the magistrate judge, this Court finds that the petitioner has failed to sufficiently allege that those other inmates were similarly situated or that his unequal treatment was the result of any intentional or purposeful discrimination. Accordingly, the petitioner has failed to show that either his UDC or DHO hearings violated his right to equal protection.

IV. <u>Conclusion</u>

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 25]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the petitioner's Objections **[Doc. 27]** are **OVERRULED**. Accordingly, the respondent's Motion to Dismiss

or, In the Alternative, Motion for Summary Judgment [Doc. 11] is hereby **GRANTED**. As such, the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is hereby **DENIED** and the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. Finally, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 27, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE